UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLEN PERALTA,

      Plaintiff,

v.                                                          Case No:   6:13-cv-1026-Orl-31TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Uncontested Petition for Attorneys' Fees. (Doc. 20).   Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees **in the amount of $4,095.30.**   The schedule of hours attached to the petition confirms the attorneys' hours.   (Id. at 8).   Plaintiff also seeks recovery of costs **in the amount of $350.00** for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury.   (Id. at 1).

Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that the Commissioner has no objection to the petition for fees and costs.   (Id. ¶ 11).   Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time proceeding was filed was less than two million dollars.[2]   (Id. ¶¶ 4-7).

_____

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where:   (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

On April 23, 2014, the Court entered a Report and Recommendation recommending that the ALJ's decision be reversed and the case be remanded back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   (Doc. 17).   The Report and Recommendation was adopted by the district judge on May 13, 2014.   (Doc. 18).   The Clerk entered judgment the next day.   (Doc. 19). Plaintiff filed her application for attorneys' fees on May 14, 2014.   (Doc. 20).

Plaintiff attached a copy of her fee agreement, which includes her assignment of EAJA fees to her counsel.   (Doc. 20-1).   In light of the assignment, Plaintiff requests (and the Commissioner agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Accordingly, it is respectfully recommended that the district judge **GRANT** Plaintiff's uncontested petition for attorneys' fees (Doc. 20), and award Plaintiff attorneys' fees in the amount of **$4,095.30** and costs in the amount of $350.00 for the filing fee, to be paid out of the judgment fund.   It is further recommended that the district court authorize payment to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the Government.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 22, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record